JOHN R. ROACH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4305.   Promulgated April 30, 1945.

*Edward L. P. O'Connor, Esq.*, for the petitioner.
*Scott A. Dahlquist, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: The petitioner has realized a taxable gain of $9,200 from distributions made in the taxable year. There is no dispute concerning the amount of the gain. The controversy relates solely to the question of whether the gain is short term and taxable to the extent of 100 percent thereof, as the respondent has determined, or whether it is a long term capital gain and is to be recognized to the extent of only 50 percent, as claimed by the petitioner. The applicable statute is section 115 (c) of the Internal Revenue Code

(1940), which is set out in the margin.[1]  It is to be noted that under the general provisions of that section gains realized from corporate distributions in liquidation are to be considered as short term gains, unless the amounts distributed fall within the "complete liquidation" exception.  The respondent concedes that there was an intention to liquidate the assets of the corporation, but insists that there was no specified time within which the liquidation was to be completed, as is required by the statute.  The petitioner takes the view that a plan requiring the immediate liquidation of the corporate assets and the winding up of all corporate affairs falls well within the meaning and purpose of the statute and is a sufficient specification of a time within which the liquidation is to be completed.  Hence, our decision must turn on the very narrow question of whether a plan of "immediate liquidation," in the light of all the other factors herein, meets the statutory requirements for a distribution in "complete liquidation."

The formal resolutions herein do not set forth with completeness the plan for liquidating the corporate assets and there may appear to be some question as to whether the resolutions provide unequivocally for immediate liquidation.  However, the testimony and the subsequent acts of the directors and stockholders dispel any such doubts, and clearly show that the plan, in fact, required that the liquidation be carried out immediately.  In *John Milton*, 33 B. T. A. 4, it was held that liquidation is a question of fact, and in *W. F. Kennemer*, 35 B. T. A. 415; affd., 96 Fed. (2d) 177, it was said that the adoption or failure to adopt a resolution of dissolution or liquidation is not determinative.  A complete liquidation within the meaning of the Revenue Act of 1936 was found by a District Court of Pennsylvania in *McCune* v. *Driscoll*, decided February 16, 1940, where there appears to have been no completely formalized plan, but such a plan of complete liquidation was found by the court from the resolutions and the surrounding circumstances and acts in connection with the liquidation.

[1] SEC. 115. DISTRIBUTION BY CORPORATIONS.
* * * * *
(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112.  Despite the provisions of section 117, the gain so recognized shall be considered as a short-term capital gain, except in the case of amounts distributed in complete liquidation.  For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding, from the close of the taxable year during which is made the first of the series of distributions under the plan, (1) three years, if the first of such series of distributions is made in a taxable year beginning after December 31, 1937, or (2) two years, if the first of such series of distributions was made in a taxable year beginning before January 1, 1938. * * *

David and Gertrude Rose were the holders of more than two-thirds of the outstanding capital stock of the corporation and they were two of the three corporate directors. They had acquired their shares by inheritance. These two people were determined to get their money out of the corporation and to be rid of their stockholdings therein as quickly as possible. In the light of their determination, which had been unequivocally manifested to the petitioner herein, who was the president of the corporation and a director therein, the meeting of September 10, 1940, was held. The resolutions passed, the corporate action taken, and the final meeting of the stockholders on November 6, 1940, must all, as a matter of fact, be viewed in the light of the determination so manifested.

It seems to us that a plan to liquidate immediately necessarily means that the liquidation will be undertaken at once. In instances, such as we have before us, where the corporate assets are readily marketable and it is apparent from all the surrounding circumstances that such plan is feasible and capable of being carried out, it appears that form would be exalted over reality if it be held that the corporation has failed to specify a time within the meaning of the applicable statute. A plan to liquidate "immediately" should, under the circumstances of this case, be given an effect comparable to that which would be given to a plan which specified an exact time. At the very least the word "immediate" signifies that the liquidation is to be completed well within the three-year period allowed by the statute.

The corporation parted with all of its assets within a period of two months. That the final distribution was not made until June 15, 1942, was occasioned by the fact that such distribution could not be made until it was determined that the sale proceeds represented by the escrow notes would in any event be forthcoming to the corporation. While the evidence was to the effect, and we have so found as a fact, that all claims against the barges would be determined within a two-year period, still, under the terms of the sale to the Manhattan Lighterage Corporation, it was possible that no further payments for the assets sold would be received by the corporation. In any event, it was contemplated that a complete liquidation would be effected within the statutory period, as indeed it was.

Upon all the evidence herein, we conclude that the distributions in question were made pursuant to a plan requiring the immediate liquidation of the corporate assets and that liquidation under such plan comes within the statutory definition of complete liquidation.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

LEECH. TURNER. AND DISNEY. *JJ..* dissent.